**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**LAW OFFICE OF DANIEL G. SHAY**
Daniel G. Shay, Esq. (250548)
danielshay@tcpafdcpa.com
409 Camino Del Rio South, Suite 101B
San Diego, CA 92108
Telephone: (619) 222-7249
Facsimile: (866) 431-3292

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Ste. 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff,*
Tiffany Cahill

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

**TIFFANY CAHILL, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**

Plaintiff,

v.

**COX COMMUNICATIONS, INC.,**

Defendant.

**Case No.:** '16CV2633 BAS NLS

**CLASS ACTION**

**COMPLAINT FOR DAMAGES FOR VIOLATION OF:**

**I. THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ.; AND,**

**II. THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ.**

**JURY TRIAL DEMANDED**

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. TIFFANY CAHILL ("Plaintiff"), individually and on behalf of all others similarly situated, brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of COX COMMUNICATIONS, INC. ("Defendant") with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, in violation of Federal and State debt collection laws.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

4. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.
5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.
6. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.
7. Unless otherwise indicated, the use of Defendant in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

**JURISDICTION AND VENUE**

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692k and 28 U.S.C. § 1367 for supplemental state claims.
9. This action arises out of Defendant's violations of (i) the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq ("FDCPA"); and, (ii) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq. ("RFDCPA").
10. Because Defendant conducts business within the State of California, personal jurisdiction is established.
11. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of San Diego, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducts business within this judicial district and is located within this judicial district as well.

///

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

## PARTIES

13. Plaintiff is a natural person who resides in the County of San Diego, State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a “debtor” as that term is defined by California Civil Code § 1788.2(h). In addition, Plaintiff is a “consumer” as that term is defined by 15 U.S.C. § 1692a(3).

14. Plaintiff is informed and believes, and thereon alleges, that Defendant is an entity whose State of Incorporation and principal place of business is in the County of San Francisco, State of California.

15. Plaintiff is informed and believes, and thereon alleges, that Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a “debt collector” as that term is defined by California Civil Code § 1788.2(c) and 15 U.S.C. § 1692a(6).

16. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a “consumer debt” and “consumer credit” as those terms are defined by Cal. Civ. Code § 1788.2(f) and a “debt” as that term is defined by 15 U.S.C. 1692a(5).

## FACTUAL ALLEGATIONS

17. At all times relevant, Plaintiff is an individual residing within the State of California.

18. Sometime prior to April 2016, Plaintiff incurred financial obligations to Defendant for cable service at Plaintiff’s primary residence.

///

///

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

19. These alleged financial obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt[s]" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

20. Sometime thereafter, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff disputes the validity of Plaintiff's alleged debt.

21. As a result, Plaintiff received a written communication from Defendant dated April 22, 2016.

22. When mailed, Plaintiff's name and address were visible through the glassine window of both of Defendant's letters. Also visible through the window was a Barcode.

23. While redacted pursuant to § h of the Electronic Case Filing Administrative Policies and Procedures, the Barcode appeared as follows:

24. When scanned by a device such as a smart phone, the Barcode revealed personal information associated with Plaintiff, such as Plaintiff's entire account number

25. Like language printed on the envelope itself, language appearing through a windowed envelope can be seen by anyone handling the mail. As such, Plaintiff's personal information was readily available to any person that came into contact with Plaintiff's mail.

26. Courts have found that a Barcode is not a benign or meaningless symbol but implicates a core concern of both the FDCPA; and, RFDCPA.

27. Specifically, an account number is a core piece of information pertaining to Plaintiff's status as a debtor and Defendant's debt collection efforts. Disclosed to the public, this information could be used to expose Plaintiff's financial predicament.

28. Said disclosure could also provide third parties with additional information not otherwise in their possession that would facilitate identity theft and render Plaintiff susceptible to privacy intrusions.

29. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt by including language or a symbol which indicates the communication concerns debt collection. Consequently, Defendant violated 15 U.S.C. § 1692f. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

30. Through this conduct, Defendant used language or symbols, other than Defendant's address, on an envelope when communicating with a consumer by use of the mails or by telegram. Consequently, Defendant violated 15 U.S.C. § 1692f(8). This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

## CLASS ALLEGATIONS

31. Plaintiff brings this action on behalf of herself individually, and on behalf of all others similarly situated ("the Classes").

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

32. Plaintiff defines Class 1 as:

> (i) all persons with addresses within the State of California; (ii) who were sent one or more collection letter(s) by Defendant; (iii) which was sent in a windowed envelope which bore a Barcode visible through the glassine window; (iv) to recover a consumer debt; (v) which was not returned undeliverable by the United States Postal Service; (vi) at any time one year prior to the date of the filing of this Action.

33. Plaintiff defines Class 2 as:

> ((i) all persons with addresses within the United States of America; (ii) who were sent one or more collection letter(s) by Defendant; (iii) which was sent in a windowed envelope which bore a Barcode visible through the glassine window; (iv) to recover a consumer debt; (v) which was not returned undeliverable by the United States Postal Service; (vi) at any time one year prior to the date of the filing of this Action.

34. Plaintiff refers to Class 1; and, Class 2 jointly as "The Classes."

35. Defendant and their employees or agents are excluded from the Classes.

36. Plaintiff does not know the exact number of persons in the Classes, but believes them to be in the several hundreds, if not thousands, making joinder of all these actions impracticable.

37. The identity of the individual members is ascertainable through Defendant's and/or Defendant's agents' records or by public notice.

38. There is a well-defined community of interest in the questions of law and fact involved affecting the members of the Class. The questions of law and fact common to the Class predominate over questions affecting only individual class members, and include, but are not limited to, the following:

   a. Whether Defendant violated the FDCPA as described herein;
   b. Whether Defendant violated the RFDCPA as described herein;
   c. Whether members of the Class are entitled to the remedies under the FDCPA;

d. Whether members of the Class are entitled to the remedies under the RFDCPA;

e. Whether members of the Class are entitled to declaratory relief;

f. Whether members of the Class are entitled to injunctive relief;

g. Whether members of the Class are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the FDPCA;

h. Whether members of the Class are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the RFDPCA;

i. Whether Defendant may satisfy Defendant's affirmative defense of bona fide error with regard to Defendant's violation of the FDCPA; and,

j. Whether Defendant may satisfy Defendant's affirmative defense of bona fide error with regard to Defendant's violation of the RFDCPA.

39. Plaintiff will fairly and adequately protect the interest of the Classes.

40. Plaintiff has retained counsel experienced in consumer class action litigation and in handling claims involving unlawful debt collection practices.

41. Plaintiff's claims are typical of the claims of the Classes, which all arise from the same operative facts involving unlawful collection practices.

42. A class action is a superior method for the fair and efficient adjudication of this controversy.

43. Class-wide damages are essential to induce Defendant to comply with the federal and State laws alleged in the Complaint.

44. The interests of class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action under the FDCPA and the RFDCPA is $1,000. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims, e.g., securities fraud.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

45. Defendant has acted on grounds generally applicable to the classes, thereby making appropriate final declaratory relief with respect to the class as a whole.

46. Plaintiff contemplates providing notice to the putative class members by direct mail in the form of a postcard-type notice and via Internet website.

47. Plaintiff requests certification of a hybrid class for monetary damages and injunctive relief.

## COUNT I

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

## 15 U.S.C. §§ 1692 ET SEQ.

## [AGAINST ALL DEFENDANTS]

48. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq.

50. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant individually.

## COUNT II

## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

## Cal. Civ. Code § 1788, et seq.

## [AGAINST ALL DEFENDANTS]

51. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

52. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

53. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorneys fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant individually.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

- That this action be certified as a class action on behalf of The Classes and Plaintiff be appointed as the representatives of The Class;
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), for each plaintiff and putative class member;
- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against each named Defendant individually;
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), for each plaintiff and putative class member;
- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against each named Defendant individually;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against each named Defendant individually; and,
- Any and all other relief that this Court deems just and proper.

## TRIAL BY JURY

54. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: October 22, 2016

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: s/ Matthew M. Loker
ATTORNEY FOR PLAINTIFF
E-MAIL: ML@KAZLG.COM

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626